1  Jerry L. Steering [State Bar No. 122509]

2  LAW OFFICE OF JERRY L. STEERING

3  4063 Birch Street
   Suite 100

4  Newport Beach, CA 92660

5  Telephone: (949) 474-1849
   Facsimile: (949) 474-1883

6  jerrysteering@yahoo.com

7  Attorney for plaintiff Kimberly Zion on behalf of her son, Connor Zion.

8

9  UNITED STATES DISTRICT COURT

10  CENTRAL DISTRICT OF CALIFORNIA

11

12  KIMBERLY J. ZION,                          ) Case No.
    individually and as successor in           )
13  interest to CONNOR ZION,                    ) COMPLAINT DAMAGES FOR
                                                ) VIOLATION OF FEDERAL
14          Plaintiff,                          ) CONSTITUTIONAL RIGHTS UNDER
                                                ) COLOR OF STATE LAW
15                                              ) (42 U.S.C. § 1983) CLAIM  FOR USE
16          vs.                                 ) OF UNREASONABLE FORCE UPON
                                                ) PERSON (U.S. CONST. AMEND 4)[1],
17  COUNTY OF ORANGE and                        ) CLAIM FOR UNREASONABLE
18  DOES 1 through 10, inclusive,               ) SEIZURE OF PERSON (U.S. CONST.
                                                ) AMEND 4)[2]; CLAIM FOR
19          Defendants.                         ) DEPRIVATION OF LIFE (U.S.
20                                              ) CONST. AMEND 9 and 14);  CLAIM
                                                ) FOR INTERFERENCE /
21                                              ) DEPRIVATION OF PARENT  - CHILD
22                                              ) RELATIONSHIP (U.S. CONST.
                                                ) AMEND  9 and14);  AND
23                                              ) CALIFORNIA STATE LAW CLAIM
24                                              ) FOR WRONGFUL DEATH  (CAL.
25                                              ) CIV. PROC. CODE § 377.60, VIA §
26

27  _____

28  [1] Via  Cal. Civ.  Proc.  Code  § 377.30.
    [2] Via  Cal. Civ.  Proc.  Code  § 377.30.

COMPLAINT FOR DAMAGES
1

) 377.30)
)
) JURY TRIAL DEMANDED

**COME NOW** plaintiff Kimberly Zion, individually, and as successor in interest to her late son, Connor Zion, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983 this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. §1391(b)(2.)

3.      As plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has jurisdiction over the plaintiff's California State law claims under its supplemental jurisdiction, 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966.)   Moreover, this action is commenced less than six months after the denial of plaintiff's California Tort Claim for damages, that was timely filed with defendant County of Orange.

## GENERAL ALLEGATIONS

4.    Plaintiff Kimberly J. Zion ("KIMBERLY ZION"), is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. KIMBERLY ZION is also the natural and legal mother of her son, Connor Zion.

5.    Connor Zion, ("CONNOR ZION" or "CONNOR"), who was born on March 12, 1992, died intestate on September 24, 2013, as a direct and proximate result of conduct of the defendants complained of in this action, that took place on or about September 24, 2013.

6.    Defendant County of Orange ("COUNTY") is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.    Defendants DOES 1 through 7, inclusive, are sworn peace officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a nurses and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant COUNTY and/or the Orange County Sheriff's Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiff in this instant action.  DOES 1 through 7, inclusive, are natural persons

whose identities are presently unknown to plaintiff, who, therefore, sue these persons by the fictitious name DOE.

8.    At all times complained of herein, DOES 1 through 7, inclusive, were acting pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a nurses and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant COUNTY and/or the Orange County Sheriff's Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiff in this instant action.  At all times complained of herein, DOES 1 through 7, inclusive, were acting in the course of and within the scope of their employment with defendant COUNTY, and were acting as individual persons under the color of state law. Plaintiff will amend her complaint to show the true identities of DOES 1 through 7, inclusive, when she becomes aware of said identities.

9.    Defendants DOES 8 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or

otherwise caused the actions complained of by plaintiff in this action, such as via

Supervisory Liability (i.e. failure to properly supervise, improperly directing

subordinate deputies, approving unlawful actions of subordinate deputies, failing to

intervene in and stop unlawful actions of their subordinates), and/or, such as the

failing to properly train Orange County Sheriff's Department personnel in the use of

force.

10.     At all times complained of herein, DOES 8 through 10, inclusive, were

acting pursuant to their authority as the Chief and/or Assistant Sheriffs and/or

Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel

and/or policy making and/or final policy making officials with the Orange County

Sheriff's Department and/or otherwise with COUNTY, and/or some other public

official(s) with defendant COUNTY, and were acting in the course of and within the

scope of their employment with defendant COUNTY, and were acting as individual

persons acting under the color of state law. Plaintiff will amend her complaint to

show the true identities of DOES 8 through 10, inclusive, when she becomes aware

of said identities.

11.     At all times complained of herein, defendants DOES 1 through 10,

inclusive, were acting as individual persons under the color of state law; under and

pursuant to their status and authority as peace officers and/or Supervisory peace

officers (as described above) and/or policy making officers / officials and/or final

policy making peace officers / officials, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY.

12.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Orange County Sheriff's Department / COUNTY, for, *inter alia*, unlawfully and unreasonably using excessive force and/or deadly force on persons, for unlawfully seizing persons, for failing to promptly provide medical care for persons in police custody,  and for otherwise violating the fourth amendment search and seizure rights of persons in the community, in general.

13.     In addition to the above and foregoing, defendants to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive CONNOR ZION and the plaintiff of his/her federal constitutional and statutory rights, and California constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive CONNOR ZION and the plaintiff of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

14.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiffs' federal and state constitutional and statutory rights, as set forth below.

### FIRST CAUSE OF ACTION
### USE OF UNREASONABLE FORCE ON PERSON UNDER FOURTH AMENDMENT
### [42 U.S.C. § 1983]
### (FEDERAL SURVIVALSHIP  CLAIM
### VIA CAL. CIV. PROC. CODE § 377.30)
### (Against all defendants)

15.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through  14, inclusive, above, as though set forth in full herein.

16. On September 24, 2013 CONNOR ZION was at his home at 227 Chandon Avenue, Laguna Niguel, California, upstairs sleeping in his bedroom, recovering from a seizure.

17.     Joel Walden ("WALDEN"), who lived with Connor as his roommate, had previously called CONNOR ZION's mother, KIMBERLY ZION, to inform her about CONNOR ZION's seizure episode and to have her come down to see him.

18.     KIMBERLY ZION arrived at WALDEN AND CONNOR ZION's home at approximately 6:30 p.m. on September 24, 2013. At that time WALDEN and KIMBERLY ZION where down stairs in the living room while CONNOR ZION was upstairs sleeping.

19.     Shortly thereafter, CONNOR ZION woke up and went downstairs. KIMBERLY ZION and WALDEN noticed that CONNOR ZION was acting odd.  It

appeared to them that CONNOR ZION was not fully in control of himself and was possibly not conscious.

20.    CONNOR ZION went into the kitchen and grabbed a kitchen knife. CONNOR ZION was holding the knife over his head while yelling something unintelligible.

21.    WALDEN and KIMBERLY ZION went into the kitchen to take the knife away from CONNOR ZION and to calm him down.

22.    While trying to take the knife from CONNOR ZION, WALDEN was accidentally cut on his arm.

23.    WALDEN went to a neighbor's home to clean and dress his wound. The neighbor called "911" to call for help.

24.    KIMBERLY ZION went to the neighbor's home as well and informed the neighbor that CONNOR ZION was having seizures and to inform 911 that he needs help.

25.    DOES 1, an Orange County Sheriff's Department Deputy Sheriff, then arrived at CONNOR ZION's home.  DOE 1 arrived in such a hurry that he actually slammed the front end of the patrol car into a tree.

26.    CONNOR ZION was outside of his home at this point and DOE 1 ran over to CONNOR ZION, where there was apparently a struggle between DOE 1 and CONNOR ZION.

27.     DOE 2 arrived to the scene and engaged in the struggle between DOE 1 and CONNOR ZION.

28.     CONNOR ZION and DOES 1 and 2 separated apart, and the defendant deputies retreated to an area near their patrol vehicles.

29.     CONNOR ZION was still outside of his home, nowhere near the deputies, when DOE 2 pulled out his gun and shot CONNOR ZION multiple times; killing him.

30.     Said deadly shooting of CONNOR ZION by said DOE defendants, above-referenced, also caused CONNOR ZION to suffer severe physical injury, and severe mental, emotional and physical pre-death, distress, pain and suffering; in an amount to be proven at trial, in excess of $10,000,000.00.

31.     Said shooting of CONNOR ZION by said DOE defendants, above-referenced, was done by said defendant deputy sheriffs, without reasonable cause to believe that CONNOR ZION was either armed or dangerous, and without probable cause to believe that he committed a crime.

32.     Accordingly, said shooting of CONNOR ZION was done in violation of his right to be free from the use of unreasonable force upon his person under the Fourth Amendment to the United States Constitution.

33.     Said shooting of  CONNOR ZION by said DOE defendants, above-referenced, also caused CONNOR ZION and KIMBERLY ZION to suffer

COMPLAINT FOR DAMAGES

substantial special damages, including but not limited to, lost wages / profits and other income that CONNOR ZION would have earned / made / acquired during his lifetime, the loss of CONNOR ZION's  home and the of other property of CONNOR ZION, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $15,000,000.00.

34.     Said deadly shooting of CONNOR ZION by said DOE defendants, above-referenced, was done maliciously and in reckless disregard of CONNOR ZION's constitutional rights; sufficient for an award of punitive damages against said DOE defendants; in an amount to be shown at trial, in excessive of $10,000,000.00.

**SECOND CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON UNDER**
**FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(FEDERAL SURVIVALSHIP CLAIM**
**VIA CAL. CIV. PROC. CODE § 377.30)**
**(Against all defendants)**

35.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, above, as though set forth in full herein.

36.     As shown above, KIMBERLY ZION was the mother and the sole heir of CONNOR ZION, who died unmarried and without children, and intestate.

COMPLAINT FOR DAMAGES

37.    As shown above, said DOE defendants, killed CONNOR ZION on September 24, 2013.

38.    Also as shown above, said defendants detained CONNOR ZION in the absence of reasonable suspicion of criminal conduct by him, and otherwise seized him in an unreasonable manner; first by physically attacking him and then by shooting him.

39.    Accordingly, the defendants' seizure of CONNOR ZION was an unlawful and unreasonable seizure of him under the Fourth Amendment to the United States Constitution.

40.    Said unreasonable seizure of  CONNOR ZION by said DOE defendants, above-referenced, also caused CONNOR ZION to suffer substantial general damages such as severe mental and emotional distress, pain and suffering, severe physical injuries, and special damages, including but not limited to, lost wages / profits and other income that CONNOR ZION would have earned / made / acquired during his lifetime, the loss of CONNOR ZION's, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $15,000,000.00.

41.    Said unreasonable seizure of  CONNOR ZION by said DOE defendants, above-referenced, was done maliciously and in reckless disregard of CONNOR ZION's constitutional rights; sufficient for an award of punitive damages

COMPLAINT FOR DAMAGES

against said DOE defendants; in an amount to be shown at trial, in excessive of

$10,000,000.00.

### THIRD CAUSE OF ACTION
### LOSS OF PARENT- CHILD RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER FOURTH AND FOURTEENTH AMENDMENT
### [42 U.S.C. § 1983]
### (Against all defendants)

42.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 41, inclusive, above, as though set forth in full

herein.

43.     The unlawful killing of plaintiff's deceased, CONNOR ZION, by

DOES 1 through 7, inclusive, deprived KIMBERLY ZION of her Parent – Child

Relationship with CONNOR ZION, guaranteed to her under the Fourteenth

Amendment to the United States Constitution.

44.     The use of unreasonable force upon CONNOR ZION that resulted in

the unlawful killing of him by DOES 1 through 7, inclusive, was done intentionally,

was done in a manner that constituted the use of unreasonable force, and was done

in a manner that constituted a deliberate indifference to and reckless disregard of

CONNOR ZION's life and to said Child – Parent Relationship, and constituted

outrageous behavior that is shocking to the conscience.

45.     The unlawful killing of plaintiff's deceased, CONNOR ZION, by

DOES 1 through 7, inclusive, above-referenced, also caused plaintiff KIMBERLY

ZION to suffer the loss of CONNOR ZION's society, solace and comfort, companionship, as well as caused her to suffer great mental, emotional and distress, pain and suffering in an amount to be shown at trial, in excess of $15,000,000.00.

46.     The unlawful killing of CONNOR ZION by DOES 1 through 7, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive damages against said defendants (save COUNTY); all in an amount to be shown at trial, in excess of $10,000,000.00.

<u>FOURTH CAUSE OF ACTION</u>
**DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW UNDER NINTH AND FOURTEENTH AMENDMENTS[3]**
**[42 U.S.C. § 1983]**
**(FEDERAL SURVIVALSHIP CLAIM**
**VIA CAL. CIV. PROC. CODE § 377.30)**
**(Against all defendants)**

47.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46, inclusive, above, as if set forth in full herein.

48.     As shown above, CONNOR ZION was unlawfully and unjustifiably shot to death, with malice, by DOE defendants on September 24, 2013.

49.     CONNOR ZION's unlawful killing was done without the due process of the laws of the United States of America and of the State of California.

50.     Said denial of CONNOR ZION's right not to be deprived of his life

---

[3] And as otherwise provided for under the United States Constitution.

COMPLAINT FOR DAMAGES

13

without due process of the laws caused CONNOR ZION to suffer severe physical and mental and emotional pain, suffering and injury, as well as lost wages / profits, the loss of his enjoyment of life, medical bills and expenses, funeral bills and expenses, and other special and general damages; all in an amount to be proven and trial, in excess of $15,000,000.00.

51.     Moreover, as actions and omissions of said defendants were done with deliberate indifference to his physical safety and to his very life, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of CONNOR ZION's constitutional rights, KIMBERLY ZION is entitled to an award of punitive damages against said defendants (save COUNTY), in an amount to be shown at trial in an amount in excess of $10,000,000.00.

## FIFTH CAUSE OF ACTION
### Wrongful Death (Cal. Civ. Proc. Code § 377.60)
### Under California State Law
### (Against All Defendants)

52.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51, inclusive, above, as if set forth in full herein.

53.     As shown above, plaintiff KIMBERLY ZION is the natural and legal mother and heir of CONNOR ZION, and  is entitled to inherit from CONNOR ZION via intestate succession under California state law.

54.     Also as shown above, said defendants wrongfully, unlawfully and

COMPLAINT FOR DAMAGES
14

unjustifiably shot and killed CONNOR ZION.

55.    As a direct and proximate result of defendants' actions, above-referenced, plaintiff KIMBERLY ZION lost the solace, society and comfort of CONNOR ZION, and plaintiff incurred medical and psychological costs/bills and expenses, loss of possession, use and enjoyment of, and damage to personal and real property, incurred the loss of society, comfort, solace and their parent – child relationship with CONNOR ZION; all in an amount to be proven at trial; in excess of $10,000,000.00 each. Moreover, defendants are liable to plaintiff pursuant to Cal. Civ. Proc. Code § 377.60 in an amount in excess of $15,000,000.00.

56.    The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants (save COUNTY) in an amount to be shown at trial, in excess of $10,000,000.00.

### SIXTH CAUSE OF ACTION
### FAILURE TO ADEQUATELY TRAIN OFFICERS
### [42 U.S.C. § 1983]
### (FEDERAL SURVIVALSHIP CLAIM
### VIA CAL. CIV. PROC. CODE § 377.30, and DIRECT LIABILITY CLAIM)
### (Against COUNTY and DOES 8 through 10)

57.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 56, inclusive, above, as if set forth in full herein.

58.    The training policies of the defendant COUNTY / Orange County

COMPLAINT FOR DAMAGES

15

Sheriff's Department were not adequate to train its deputy sheriffs, investigators and other employees to handle the usual and recurring situations with which they must deal, such as that they confronted when approaching and dealing with person like and acting like CONNOR ZION, as described above; a situation that could have and should have been resolved without resorting to the use of deadly force on CONNOR ZION.

59.     In addition, said defendants' method of training peace officers, deputy sheriffs, investigators and other public officers / officials, was carried out by them recklessly, and with deliberate indifference to the state and federal constitutional rights of members of the public.

60.     Moreover, the training policies of the defendant COUNTY / Orange County Sheriff's Department were not adequate to train its police officers, investigators and other employees to handle the usual and recurring situations with which they must deal; such as that they confronted when approaching and dealing with person like and acting like CONNOR ZION, as described above; a situation that could have and should have been resolved without repeatedly shooting a person such as CONNOR ZION who posed no threat to defendants, and without unlawfully seizing such persons, and without unlawfully isolating him from his family members.

61.     As a direct and proximate result of defendants' actions, above-

referenced, CONNOR ZION was deprived of his life, suffered great pre-death physical, mental and emotional pain and suffering, and plaintiff was substantially physically, mentally and emotionally injured, and incurred medical and psychological costs/bills and expenses, funeral and burial expenses, incurred the loss of society, comfort, solace and their parent – child relationship with CONNOR ZION, and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $15,000,000.00 each.

62.    The actions by said defendants were done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against defendants (save COUNTY) in favor of plaintiff in an amount to be shown at trial, in excess of $10,000,000.00 each.

### SEVENTH CAUSE OF ACTION
**[42 U.S.C. § 1983]**
**Failure To Adequately Screen, Hire And Discipline**
**(Against defendants CITY and DOES 7 through 10)**

63.    Plaintiff  hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64.    In addition to the above and foregoing, defendants COUNTY's  methods of screening and doing proper background checks on prospective applicants for appointments (hiring) for the position of peace officer and/or deputy sheriffs and/or investigator and/or supervisor, were so inadequate, and were so recklessly deliberately indifferent to members of the public, to screen-out applicants who were

COMPLAINT FOR DAMAGES

violent and who had shown a propensity for violence, to screen-out applicants who were dishonest and could not be trusted to obey the laws of the State of California and of the United States of America, to screen-out applicants to were not likely to respect the California and federal constitutional rights of members of the public (such as the right to be free from an unlawful seizure of their persons and their right to be free from the use of unreasonable force upon their [and their decedents'] persons), so as to show a deliberate and /or reckless indifference to the California and federal constitutional rights of members of the public.

65.  Moreover, COUNTY knew of the violent propensies of DOES 1 and 2, and of unlawful violent actions  by them against civilians, yet failed to properly discipline said defendants, as well as the other DOE defendants to this action.

66. As a proximate result of defendants failure to adequately screen and hire, and to discipline the individual defendants complained of in this action, plaintiff and her decedent: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs/bills and expenses, 3) incurred burial and funeral expenses, 4) incurred the loss of society, comfort, solace and their parent – child relationship with CONNOR ZION, and 5) incurred other special and general damages and expenses; all in an amount to be proven at trial; in excess of $15,000,000.00 each.

67.    Said actions by said defendants were done maliciously and in reckless

COMPLAINT FOR DAMAGES

18

disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against defendants (save COUNTY) in an amount to be shown at trial; in excess of $10,000,000.00 each.

## EIGHTH CAUSE OF ACTION
### Negligence Under California State Law
### (Against all Defendants)

68.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.    As set forth above, defendants COUNTY's methods of screening and doing proper background checks on prospective applicants for appointments (hiring) for the position of peace officer and/or deputy sheriff and/or investigator and/or supervisor, were so inadequate, and were so recklessly deliberately indifferent to members of the public, to screen-out applicants who were violent and who had shown a propensity for violence, to screen-out applicants who were dishonest and could not be trusted to obey the laws of the State of California and of the United States of America, to screen-out applicants to were not likely to respect the California and federal constitutional rights of members of the public (such as the right to be free from an unlawful seizure of their persons and their right to be free from the use of unreasonable force upon their [and their decedents'] persons so as to show a deliberate and /or reckless indifference to the California and federal constitutional rights of members of the public, as to constitute and a breach of said

defendants' duty of care that they owed to the public to properly hire and to properly screen applicants for hiring as a peace officer, police officer, investigator, supervisor or other type of public officer.

70.     Moreover, defendant COUNTY's training policies were not adequate to train its deputy sheriffs, investigators and other employees to handle the usual and recurring situations with which they must deal; such as that they confronted when approaching and dealing with person like and acting like CONNOR ZION, as described above; a situation that could have and should have been resolved without resorting to the use of deadly force on CONNOR ZION (as described above; a situation that could have and should have been resolved without repeatedly shooting a person such as CONNOR ZION), so as to constitute a breach of said defendants' duty of care that they owed to the public to properly hire and to properly screen applicants for hiring as a peace officer, deputy sheriffs, or other type of public officer, and to properly train said peace officers, police officers, or other type of public officers.

71.     Moreover, said defendant DOE defendants owed plaintiff and her decedent a duty of care to only use reasonable force upon civilians, and said defendants breached their duty of care to plaintiff and her decedent by shooting and killing him.

72.     Accordingly, said actions and omissions by defendants constituted a

breach of said defendants' duty of care that they owed to members of the public, including plaintiff and plaintiff's deceased. Moreover, defendants are liable to plaintiff pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4, 820.8.and otherwise pursuant to the common-law.

73.     Accordingly, as a proximate result of said negligence by defendants, plaintiff KIMBERLY ZION was deprived of their parent – child relationship with her son CONNOR ZION, and he was deprived of his life.

74.     Accordingly, said actions and omissions by defendants constitute a breach of said defendants' duty of care that they owed to members of the public, including plaintiff and plaintiff's deceased.

75.     As a direct and proximate result of defendants' actions, as above-referenced, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered the loss of use of their real property 3) incurred medical and psychological costs/bills and expenses, 4) incurred the loss of society, comfort, solace and their parent – child relationship with CONNOR ZION, and 5) incurred other special and general damages and expenses, including funeral and burial expenses; all in an amount to be proven at trial; in excess of $15,000,000.00 each.

## NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Under California State Law**
**[State Survivorship Claim Via Cal. Civil Proc. Code § 377.30]**
**(Against all Defendants)**

COMPLAINT FOR DAMAGES
21

76.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as if set forth in full herein.

77.    Defendants believed, knew and understood, and were aware of facts and circumstances that would have caused a reasonably well trained peace officer to believe, know and understand, that CONNOR ZION was susceptible from suffering severe emotional distress from defendants' outrageous and unlawful actions taken and committed against the CONNOR ZION, as described above.

78.    Defendants actions were outrageous and not the type of conduct condoned in a civilized society. Moreover, defendants are liable to plaintiff pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4, 820.8.and otherwise pursuant to the common-law.

79.    As a direct and proximate result of defendants' actions taken against and committed against CONNOR ZION as described above, plaintiff CONNOR ZION suffered severe emotional distress.

80.    Defendants are liable to plaintiff for said intentional infliction of emotional distress, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4, 820.8.and otherwise pursuant to the common-law.

81.    Said actions by said defendants, above-described, caused CONNOR ZION to suffer severe mental and emotional distress and suffering, medical /

psychological bills, in an amount to be shown at trial, in excess of $15,000,000.00 each.

82.     Said actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants (save COUNTY) in an amount to be shown at trial, in excess of $10,000,000.00 each.

**TENTH CAUSE OF ACTION**
**Violation Of Cal. Civil Code § 52.1**
**Under California State Law**
**(State Law Survivorship Action – Cal. Civ. Proc. Code § 377.30 and Direct Liability Claim)**
**(Against all Defendants)**

83.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82, inclusive, above, as if set forth in full herein.

84.     The actions by defendants interfered with, and/or attempted to interfere with, by threats, intimidation, and coercion, and by the actual use of force, the exercise or enjoyment by plaintiff of rights secured by the Constitution or laws of the United States, and of the rights secured by the California Constitution and the laws of California, as described above; in violation of Cal. Civil Code § 52.1.

85.     Defendants are liable to plaintiff for said violations of her and her decedent's constitutional and statutory rights, pursuant to Cal. Civil Code § 52.1, and Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8.

86.     As a direct and proximate result of defendants' actions, as above-referenced, plaintiff and her decedent: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs/bills and expenses, 3) incurred the loss of society, comfort, solace and their parent – child relationship with CONNOR ZION, and 4) incurred other special and general damages and expenses, including funeral and burial expenses; all in an amount to be proven at trial; in excess of $10,000,000.00 each.

87.     The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants (save CITY) in an amount to be shown at trial, in excess of $10,000,000.00 each.

88.     In addition, pursuant to Cal. Civil Code § 52.1, plaintiff is entitled to an award of treble compensatory damages against defendants.

## ELEVENTH CAUSE OF ACTION
### Battery
### Under California State Law
### (State Law Survivorship Action – Cal. Civ. Proc. Code § 377.30)
### (By Plaintiffs Against all Defendants)

89.     Plaintiff hereby realleges and incorporate by references the allegations set forth in paragraphs 1 through 88, inclusive, above, as if set forth in full herein.

90.     The actions committed by said defendants also constituted unjustified non-consensual use of unlawful force and violence upon CONNOR ZION, which was a battery of him under California State Law.

91.     Defendants, and each of them, are liable to plaintiff for said battery, pursuant to Cal. Civ. Proc. Code § 377.30  and  Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

92.     As a direct and proximate result of the actions of said defendants CONNOR ZION incurred special damages such as medical and psychological costs, bills and expenses, funeral and burial expenses, lost wages and profits, and 3) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $5,000,000.00.

93.     The actions of said defendants were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for defendant COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

25

1) For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $15,000,000.00[4] against all defendants;

2) For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, save defendant COUNTY, in an amount to be shown at trial, in excess of $10,000,000.00.

3) For reasonable attorney's fees and other costs of suit herein;

4) For a trial by jury;  and

5) For such other and further relief as this honorable court deems proper, just and equitable.

JERRY L. STEERING

---

[4] Including treble damages.

COMPLAINT FOR DAMAGES

26