Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiff Kimberly Zion

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF ORANGE, MICHAEL HIGGINS and DOES 1 through 10, inclusive, and DAVID DeMULLE; nominal defendant, as heir of plaintiff's decedent with right to recover for wrongful death,<br><br>    Defendants. | ) Case No. SACV14-1134 JVS (RNBx)<br>)<br>)<br>) **NOTICE OF APPEAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TO ALL PARTIES AND THEIR COUNSEL OR RECORD:**

NOTICE OF APPEAL

1

1  **PLEASE TAKE NOTICE** that plaintiff Kimberly Zion hereby appeals to the
2  United States Court of Appeals for the Ninth Circuit, from the Order of October 7,
3
4  2015, by the United States District Court of the Central District of California,
5  United States District Judge James V. Selna, granting defendants County of
6
7  Orange's and Michael Higgin's Motion for Summary Judgment, a true and correct
8  copy of said Order of October 7, 2015 being attached hereto as Exhibit "A".
9  Dated:  November 3, 2015           /s/ Jerry L. Steering_____
10                              `                             Jerry L. Steering, Attorney for
                                                              Plaintiff Kimberly Zion
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I declare that I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 4063 Birch Street, Suite 100, Newport Beach, California 92660.

On November 4, 2015, I served:

# NOTICE OF APPEAL

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Matthew P. Harrison, Esq.
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA  90012

( X ) BY MAIL I placed each sealed envelope with postage there prepaid, for collection and mailing at Newport Beach, California, following ordinary business practices.  I am readily familiar with the practice that in the ordinary course of business, correspondence is deposited in the United Stated Postal Service the same day as it is placed for processing.

(  ) (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

 (  ) BY PERSONAL SERVICE

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. This the 4th day of November, 2015, at Newport Beach, California.

_____/s._____
Belinda Breznau

NOTICE OF APPEAL
3

EXHIBIT "A"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1134 JVS (RNBx) | Date | October 7, 2015 |
| Title | Kimberly Zion v. County of Orange, et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Debbie Hino-Spaan |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jerry Steering | Matthew Harrison |

**Proceedings:** **Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment**

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the Defendants' motion and rules in accordance with the tentative ruling as follows:

Defendants County of Orange ("the County") and Michael Higgins ("Higgins" and collectively, "Defendants") move for summary judgment on all claims asserted against them by Plaintiff Kimberly Zion ("Kimberly Zion" or "Plaintiff"). (Mot. Summ. J., Docket No. 43.) Alternatively, Defendants move for partial summary judgment on each individual cause of action, partial summary judgment on Kimberly Zion's claim for municipal liability, and partial summary judgment on Kimberly Zion's claim for entitlement to an award of punitive damages. (Id.) Kimberly Zion opposes, although she raises no argument claiming there was a triable issue of material fact as to the sixth, seventh, or tenth causes of action. (Opp. Summ. J., Docket No. 54.) Kimberly Zion also does not argue in her opposition papers that there is a triable issue as to her claim for municipal liability, or a triable issue as to her claim for an entitlement to an award of punitive damages. (Id.) Defendants have replied. (Reply Supp. Mot. Summ. J., Docket No. 59.)

As set forth below, the Court GRANTS the Defendants' Motion for Summary Judgment.

I.  BACKGROUND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1134 JVS (RNBx)          Date  October 7, 2015

Title  Kimberly Zion v. County of Orange, et al.

    The following summary is based on Plaintiff's Statement of Genuine Material Facts in Dispute and two video recordings from patrol cars driven by Sheriff's Deputy Michael Higgins and Sheriff's Deputy Juan Lopez that Plaintiffs provided in their opposition to Defendants' motion for summary judgment.  (Pl.'s Statement of Genuine Material Facts in Dispute ("GMFID")[1], Docket No. 53; Higgins Video, Docket No. 55, Ex. A; Lopez Video, Docket No. 55, Ex. B.)

    This case arises from the actions of Orange County Sheriff's Deputy Michael Higgins and Kimberly Zion's adult son Connor Zion ("Connor" or "Connor Zion") on September 24, 2013 which resulted in the death of Connor Zion on the same date. (Second Am. Compl. ¶ 5 ("SAC"), Docket No. 27; Answer ¶ 10, Docket No. 31.)  On the evening of September 24, Kimberly Zion, Connor, and Connor's roommate Joel Walden were involved in an altercation in which Connor injured both his mother and his roommate with a kitchen knife.  (GMFID ¶¶ 2-6.)  Kimberly Zion and Joel Walden sought medical attention from a neighbor, and the neighbor called 911.  (Id. ¶ 7; Opp. Summ. J. 3.)  At approximately 7:30 P.M. on September 24, 2013 Higgins and other law enforcement officers, including Sheriff's Deputy Juan Lopez ("Lopez"), responded to the 911 dispatch and arrived at Connor's residence three minutes later in two vehicles at approximately the same time.  (GMFID ¶ 15, Higgins Video 19:34:28-19:37:36.)

    Upon the officers' arrival at Decedent's residence, Connor Zion emerged from a structure and ran towards Lopez with a knife in his hand, verbally threatening the officers, stating "I'll kill you... you mother fucker."  (Higgins Video 19:37:42:19:37:44; GMFID ¶ 12.)  Connor chased Lopez and eventually stabbed him, causing multiple stab wounds.  (GMFID ¶¶ 13-14.) Higgins witnessed Connor's attack on Lopez, including stabbing motions in Lopez's direction.  (Id. 16.)

    Higgins began firing at Connor Zion from approximately 15 feet away.  (Opp. Summ. J. 5; GMFID ¶ 17; Lopez Video 19:26:58; Higgins Video 19:37:52.)  After multiple shots had been fired, Connor retreated at a high rate of speed towards the

---

    [1] Many facts originally appearing in Defendants' Proposed Separate Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), (Docket No. 47), are undisputed in Kimberly Zion's GMFID.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1134 JVS (RNBx) | Date | October 7, 2015 |
| Title | Kimberly Zion v. County of Orange, et al. | | |

structure he had emerged from moments earlier. (Lopez Video 19:27:01-19:27:03, Higgins Video 19:37:53-19:37:57; GMFID ¶ 18.) Firing ceased for less than a second, then resumed as Higgins pursued Connor. (Id. 19:27:01-19:27:03.) Connor collapsed onto the ground, first onto his back, then rolling onto his side, in front of the structure as firing continued. (Id. 19:27:03-19:27:07.) While Connor was on the ground, Higgins continued firing nine additional shots and completely depleted his clip of ammunition. (Id. 19:26:58-19:27:07.) In total, Higgins fired eighteen shots in approximately nine seconds. (Id. 19:26:58-19:27:07; SUF ¶21; Opp. Summ. J. 5.)

 Higgins paused for a couple seconds before turning around towards the injured Lopez, calling out "998" on the police radio. (Lopez Video 19:27:07.) Connor Zion appears to move again, seconds after the gunfire has ceased. (Id. 19:27:09-19:27:13.) Higgins then turned back towards Connor Zion, walked toward Connor and struck Connor's head twice with his foot. (Id. 19:27:15-19:27:18.) Higgins paused, backed up a step, then struck Connor's head one more time with his foot. (Id. 19:27:22.) After this third strike Higgins ran back to Lopez to render medical assistance. (Id.)

 Connor Zion died at the scene. (SAC ¶ 5; Answer ¶ 10.)

 Based on the foregoing, Kimberly Zion filed a complaint asserting various claims relating to the action discussed above. (Compl., Docket No. 1.) Kimberly Zion filed the First Amended Complaint two weeks later. (First Amended Compl., Docket No. 12.) Defendants filed a motion to dismiss portions of the First Amended Complaint. (Docket No. 16.) On November 17, 2014 the Court granted in part and denied in part the Defendants' Motion to Dismiss. (Docket No. 23.) Kimberly Zion filed the Second Amended Complaint on December 8, 2014. (Docket No. 27.)

 Kimberly Zion now alleges the following causes of action: (1) use of unreasonable force in violation of the Fourth Amendment pursuant to § 1983 and Cal. Civ. Proc. Code. § 377.30; (2) unreasonable seizure in violation of the Fourth Amendment pursuant to § 1983 and Cal. Civ. Proc. Code § 377.30; (3) loss of parent-child relationship without due process in violation of the Fourth and Fourteenth Amendment pursuant to § 1983; (4) deprivation of life without due process in violation of the Fourteenth Amendment pursuant to § 1983; (5) wrongful death pursuant to Cal. Civ. Proc. Code § 377.60; (6) failure to adequately train deputies pursuant to § 1983, Cal. Civ. Proc. Code § 377.30 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1134 JVS (RNBx) | Date | October 7, 2015 |
| Title | Kimberly Zion v. County of Orange, et al. | | |

direct liability; (7) failure to adequately screen, hire, and discipline deputies pursuant to § 1983; (8) intentional infliction of emotional distress pursuant to Cal. Civ. Proc. Code. § 377.30; (9) a violation of Cal. Civ. Code § 52.1 pursuant to Cal. Civ. Proc. Code § 377.30 and direct liability; and (10) battery under California law pursuant to Cal. Civ. Proc. Code § 377.30.  (See generally SAC.)

II.     LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Summary adjudication, or partial summary judgment "upon all or any part of a claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.  However, when the non-movant's purported evidence or interpretation of events is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 550 U.S. 372, 380 (2007).

The moving party has the initial burden of establishing the absence of a material fact for trial.  Anderson, 477 U.S. at 256.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed."  Fed. R. Civ. P. 56(e)(2).  Furthermore, "Rule 56[(a)][2] mandates the entry of summary judgment . . . against a party who fails to make a showing

---

[2] Rule 56 was amended in 2010.  Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1134 JVS (RNBx) | Date | October 7, 2015 |
| Title | Kimberly Zion v. County of Orange, et al. | | |

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

III.   DISCUSSION

    A.   First and Second Claims: Violation of Fourth Amendment Rights

        1.   Objective Reasonableness of Higgins's Initial Use of Deadly Force

"Apprehension by deadly force is a seizure subject to the Fourth Amendment's reasonableness requirement." Wilkinson v. Torres, 610 F.3d 546, 550 (9th Cir. 2010) (citation omitted). Courts determine whether the use of force was objectively reasonable through "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (quotations and citations omitted). These governmental interests include: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

All parties appear to agree that there is no triable issue of fact regarding whether Connor Zion initially posed an immediate threat to Lopez, Higgins, and others. Kimberly Zion does not dispute that Connor attacked his roommate and his mother prior to the arrival of law enforcement at Decedent's residence. (GMFID ¶¶ 4-6.) Kimberly Zion also does not dispute that Connor wielded a dangerous weapon, a knife, and used that knife on a law enforcement officer causing potentially mortal wounds. (Id. ¶¶ 12, 14.) Kimberly Zion also acknowledges that upon Connor's retreat, and as Higgins fired his gun, Connor held onto that knife. (Id. ¶ 18.) For at least the duration of the first nine shots fired by Higgins, a span of approximately three seconds, the parties appear to be in agreement that Higgins was confronted with a severe, life threatening emergency – an attack on a fellow police officer. Applying Graham, the Court concludes that the uncontroverted record establishes that it was objectively reasonable for Higgins to utilize deadly force when faced with this situation because the crime was very severe: Connor Zion was engaged in life-threatening behavior and was attempting to evade arrest by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1134 JVS (RNBx) | Date | October 7, 2015 |
| Title | Kimberly Zion v. County of Orange, et al. | | |

violent means and then flight.

        2.        Objective Reasonableness of Higgins's "Second Volley"

      Kimberly Zion would instead have the Court focus on the immediate aftermath of Higgins's first nine shots. Kimberly Zion argues that "conditions for Deputy Higgins to stop shooting Connor Zion arose after he shot his first nine shots at Connor Zion, and before he shot the second nine shot volley." (Opp. Summ. J. 13.) But even assuming that factually such conditions were present, and assuming solely for the sake of argument that shots 9-18 constituted a second volley, Kimberly Zion must present a triable issue of material fact that this subsequent conduct of Higgins was not itself objectively reasonable under Graham. Kimberly Zion is unable to do so.

      "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. The amount of time that Kimberly Zion would have the Court recognize as a break between separate volleys is the very definition of split-second — a full second at the very longest — and during that fraction of a moment Higgins observed Connor Zion continuing to move at a high rate of speed, all while continuing to hold onto the weapon Higgins had just witnessed Connor use to wound a fellow officer. (Lopez Video 19:26:58-19:27:07.) Reasonable law enforcement officers find themselves forced to make "split-second judgments — in circumstances that are tense, uncertain and rapidly evolving." Graham, 490 U.S. at 397. The record indicates, specifically through the video from Lopez's patrol car, that the situation remained fluid and dangerous through the start of the second set of shots.

      Kimberly Zion asks the Court to fit this case into the situation described in hypothetical dicta in Plumhoff v. Rickard, _ U.S. _, 134 S. Ct. 2012 (2014). In holding that law enforcement officers' firing of 15 shots in a 10-second span was constitutionally permissible, Justice Alito wrote for the Court that "[t]his would be a different case if [law enforcement] had initiated a second round of shots after an initial round had *clearly* incapacitated [decedent] and had ended *any threat* of continued flight . . . ." Id. at 2022 (emphasis added). But this case aligns more closely to the facts of Plumhoff than to its hypothetical. In Plumhoff, 15 shots were fired in a 10-second span. Id. In this case all 18 shots were fired in a nine-second span. (Lopez Video 19:26:58-19:27:07.) More

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-1134 JVS (RNBx)                                Date   October 7, 2015

Title      Kimberly Zion v. County of Orange, et al.

importantly than specifics of duration or the number of bullets, in both cases the record disproves that the threat was completely over or that the suspect had been clearly incapacitated when the officers began, or resumed, shooting. Plumhoff, 134 S. Ct. at 2021-22.

Applying Graham, the Court concludes that the uncontroverted record establishes that Higgins's actions in continuing to fire his weapon when faced with a fluid and evolving situation, a situation that in total lasted less than 10-seconds, were objectively reasonable and the Court holds that no reasonable jury could conclude otherwise.

### 3. Objective Reasonableness of Higgins's Strikes to Connor's Head

Kimberly Zion further argues that Deputy Higgins, "apparently out of pure rage" and with "no justification," went "nuts'" and then stomped Connor Zion's head with his boot. (Opp. 13.) Between these three strikes to the head and shots 9-18, Kimberly Zion argues that Higgins unconstitutionally executed Connor Zion, or that at the very least there is a material fact in dispute as to whether he did. The Court disagrees.

Whether Higgins's strikes to Connor Zion's head constituted excessive force is also to be determined under Graham's objective reasonableness standard. The strikes must be judged from the perspective of a reasonable officer on the scene and not with the bias of hindsight. Graham, 490 U.S. at 396. The constitutionality of a law enforcement officer's actions must also be determined by an assessment of the totality of the circumstances. Green v. City & Cty. of San Francisco, 751 F.3d 1039, 1049 (9th Cir. 2014). On summary judgment, the Court construes facts and makes inferences in favor of the non-moving party unless the non-movant's version of events is mere speculation or blatantly contradicted by the record, particularly a record as reliable as video. Scott, 550 U.S. at 380-81.

Therefore, although Kimberly Zion argues Higgins's kicks were the product of rage against a completely neutralized and completely motionless Connor Zion, (Opp. 13), the Court concludes that the video record contradicts Kimberly Zion's version of events.[3] Specifically, the video shows Connor Zion continuing to move even after Higgins has

---

[3] As noted above, it was Kimberly Zion who tendered the video record the Court relies on.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-1134 JVS (RNBx)                                    Date   October 7, 2015

Title   Kimberly Zion v. County of Orange, et al.

depleted his ammunition, (Lopez Video 19:27:09), and again when Higgins first turned to attend to Lopez. (Id. 19:27:13.) These movements, witnessed by Higgins, cloud the situation as Higgins faced it. (Higgins Decl. ¶ 5, Docket No. 45.) A police officer in this situation would have been confronted with the prospect that the threat from the suspect may not have been over.

Specifically, the totality of the circumstances Higgins faced that evening included the following: a fellow officer grievously wounded and in need of immediate medical attention, a primary firearm no longer loaded, and an armed and dangerous suspect who might have been capable of causing further harm. Higgins had in fact, moments earlier, witnessed Connor Zion darting towards a residential structure despite having been shot at nine times. Although Higgins could have made a calculated risk that Connor Zion's motions on the ground were meaningless and there was no longer any threat, that is not what the Fourth Amendment requires — Higgins "need not have taken that chance and hoped for the best." Scott, 550 U.S. at 385. The Court cannot conceive that any reasonable jury would view the situation posed to Higgins differently, and the Court holds that no reasonable jury could conclude that within the totality of the circumstances that unfolded an officer holding a bona fide suspicion that the danger was not over is constitutionally prohibited from taking the measures that Higgins took.

The Court concludes that the video record and undisputed facts establish that Higgins's actions were objectively reasonable and no reasonable jury could conclude otherwise. Within the totality of the circumstances, Higgins's use of deadly force, including re-initiating force upon observation that the dangerous suspect was not in fact motionless, was reasonable to protect himself, his fellow officers, and the public. Defendants are entitled to summary judgment on Kimberly Zion's First and Second Causes of Action.

> B.   Third Cause of Action - Loss of Parent-Child Relationship

A parent has a fundamental liberty interest in the companionship and society of her child and the state's interference with that liberty interest may be remedied under § 1983. Crowe v. Cty. of San Diego, 593 F.3d 841, 876 (9th Cir.), amended by 608 F.3d 406 (9th Cir. 2010). Official conduct that "shocks the conscience" in depriving the parent of such an interest can constitute a due process violation. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008). The "shocks the conscience" standard may be met by a showing that an

Case 8:14-cv-01134-JVS-RNB Document 69 Filed 10/07/15 Page 13 of 15 Page ID #:765

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1134 JVS (RNBx)                                   Date  October 7, 2015

Title     Kimberly Zion v. County of Orange, et al.

officer engaged in excessive force with "deliberate indifference" or "acted with a purpose to harm . . . unrelated to legitimate law enforcement objectives." Id.  The standard that should be applied depends upon the degree to which, under the circumstances, actual deliberation is practical. Wilkinson, 610 F.3d at 554. "[W]hen an officer encounters fast-paced circumstances presenting competing public safety obligations, the purpose to harm standard must apply." Porter, 546 F.3d at 1139.  A purely reactive decision to give chase does not evidence an intention to "induce . . . lawlessness, or to terrorize, cause harm, or kill," id. at 1140 (quoting Lewis, 523 U.S. at 855), unlike situations where an officer uses force against a suspect to "teach him a lesson" or "get even." Id.

The discussion above demonstrates that throughout the confrontation between Higgins and Connor Zion, Higgins was acting with legitimate law enforcement objectives.  Kimberly Zion's characterization of Higgins's actions as a lawless execution motivated by a purpose to harm is discredited by both the undisputed facts and the video record.  Pinpointing the cause of death is immaterial to the present case because the Court concludes that the uncontroverted record and video evidence demonstrate that there is no genuine dispute of material fact that Higgins acted with anything other than legitimate law enforcement purposes, and no reasonable jury could find otherwise.  Defendants are entitled to summary judgment on Kimberly Zion's Third Cause of Action.

      C.      Fourth Cause of Action - Substantive Due Process Claim

Kimberly Zion's Substantive Due Process claim essentially tracks the claim raised by his Fourth Amendment claims discussed above. See Koch v. Lockyer, 340 Fed. Appx. 372 (9th Cir. 2009) (Substantive due process claims under the Fifth and Fourteenth Amendments may be more properly analyzed and disposed of within the more specific constitutional context).

As discussed above, granting summary judgment for Defendants is proper as to Kimberly Zion's specific Fourth Amendment claims, and is therefore also proper as to Kimberly Zion's substantive due process claims in the Fourth Cause of Action for the same reasons.

      D.      Fifth Cause of Action - Wrongful Death

Kimberly Zion's Fifth Cause of Action is brought under state law.  The same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 14-1134 JVS (RNBx)     Date   October 7, 2015

Title    Kimberly Zion v. County of Orange, et al.

standards apply to state law claims and § 1983 claims premised on constitutionally prohibited excessive force. Hernandez v. City of Pomona, 46 Cal. 4th 501, 513-16 (2009).

The Court grants summary judgment for Defendants on Kimberly Zion's Fifth Cause of Action for the same reasons it grants summary judgment on Kimberly Zion's First through Fourth Causes of Action.

       E.      Eighth Cause of Action - Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress has three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998).

Kimberly Zion alleges that there is outrageous conduct because Higgins executed Connor Zion. As described above, Higgins's actions were related to his legitimate law enforcement activities and no reasonable jury could find them to constitute a lawless execution of Connor Zion. Therefore, in the circumstances that unfolded Higgins was engaged in no extreme or outrageous conduct and consequently the Court grants summary judgment for Defendants on Kimberly Zion's Eighth Cause of Action.

       F.      Ninth Cause of Action - Bane Act

Because, as described above, Higgins did not violate Connor Zion's Fourth Amendment rights, there is no Civil Code § 52.1 violation. Therefore, the Court grants summary judgment for Defendants on Kimberly Zion's Ninth Cause of Action.

       G.      Sixth & Seventh Causes of Action - Municipal Liability

Kimberly Zion admits there is no dispute as to the factors that would give rise to municipal liability against the County. (GMFID ¶¶ 25-29; Decl. Powell, Docket No. 46.) Accordingly, no reasonable jury could find for Kimberly Zion on the Sixth and Seventh Causes of action. The Court grants summary judgment for Defendants on the Sixth and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1134 JVS (RNBx) | Date | October 7, 2015 |
| Title | Kimberly Zion v. County of Orange, et al. | | |

Seventh Causes of Action.

    H.    Tenth Cause of Action - Battery

"In order to prevail on a claim of battery against a police officer, the plaintiff bears the burden of proving the officer used unreasonable force." Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1102 (2004), disapproved of on other grounds by Hayes v. Cty. of San Diego, 57 Cal. 4th 622, 639 n.1 (2013). This inquiry engages in the same Graham balancing analysis as above. For the same reasons as above, the Court grants summary judgment on Kimberly Zion's Tenth Cause of Action.

    I.    Qualified Immunity

Because the Court holds that there was no constitutional violation in Higgins's conduct, the Court does not need to discuss whether Higgins was violating constitutional rights that were clearly established in light of the specific context of the case. Pearson v. Callahan, 555 U.S. 223, 242 (2009).

IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment.

    IT IS SO ORDERED.

| | : | 35 |
|---|---|---|
| Initials of Preparer | kjt | |