Dan Stormer, Esq. [S.B. #101967]
Cindy Pánuco, Esq. [S.B. #266921]
Brian Olney, Esq. [S.B. #298089]
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
cpanuco@hadsellstormer.com
bolney@hadsellstormer.com

Attorneys for Plaintiff

JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION<br><br>Plaintiff,<br>v.<br>COUNTY OF ORANGE, MICHAEL HIGGINS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:14-cv-01134-JVS-JDE<br><br>[Assigned to the Honorable James V. Selna - Courtroom 10C]<br><br>**PLAINTIFF'S JUDGMENT AFTER JURY TRIAL**<br><br>Complaint filed: July 18, 2014<br>Disc. Cut-Off: July 20, 2015<br>Mtn. Hrg. Cut-Off: December 17, 2018<br>Trial Date: January 8, 2019 |

This action came on regularly for trial on January 8, 2019, in Courtroom 10C of this United States District Court. Plaintiffs were represented by attorneys Dan Stormer, Esq., Cindy Pánuco, Esq., and Brian D. Olney, Esq., of Hadsell Stormer & Renick LLP. Defendants County of Orange and Michael Higgins, were represented by Daniel Spradlin Esq. and Jeanne Tollison Esq., of Woodruff, Spradlin, & Smart, APC.

A jury of eight persons was regularly empaneled and sworn. Before the trial began, one sworn juror was excused for cause. The case was tried in a liability and damages phase to seven sworn jurors. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the liability case was submitted to the jury on January 16, 2018. The jury returned a finding of liability on Plaintiff's Fourth Amendment Claim on January 18, 2018. The damages phase of the trial was tried, and the jury was duly instructed by the Court on January 22, 2019.

The jury deliberated and thereafter returned liability and damages verdicts as follows:

**First Federal Claim: Excessive Force (Fourth Amendment Claim) (liability phase)**

Question 1: Did plaintiff as successor to Connor Zion prove her claim that Michael Higgins used excessive force against Connor Zion in violation of the Fourth Amendment?

Yes __X__ No _____

**Second Federal Claim: Interference with Family Relationship (Fourteenth Amendment Claim) (liability phase)**

Question 2: Did plaintiff prove her claim that Michael Higgins kicked Connor Zion in the head in violation of the Fourteenth Amendment?

Yes _____ No __X__

///

///

1

**Punitive Damages (liability phase)**

Question 3: Do you find that Michael Higgins acted with malice or oppression, or engaged in despicable conduct?

Yes \_\_\_\_\_ No \_\_X\_\_

**First State Claim: Tom Bane Civil Rights Act (liability phase)**

Question 4: Did plaintiff as successor to Connor Zion prove her claim that Michael Higgins violated the Bane Act?

Yes \_\_\_\_\_ No \_\_X\_\_

**Second State Claim: Wrongful Death (liability phase)**

Question 5: Was the County of Orange or any of its employees, including Michael Higgins, negligent and a cause of harm to Connor Zion?

Yes \_\_X\_\_ No \_\_\_\_\_

Question 6: Was Michael Higgins negligent and a cause of harm to Connor Zion?

Yes \_\_X\_\_ No \_\_\_\_\_

Question 7: Was Connor Zion negligent?

Yes \_\_X\_\_ No \_\_\_\_\_

Question 8: What percentage of negligence do you assign to Michael Higgins, and what percentage of negligence do you assign to Connor Zion and/or others? (Your total must equal 100%.)

| | |
|---|---|
| Michael Higgins | 9% |
| County Defendants | 6% |
| Other | 12% |
| Connor Zion | 73% |
| Total: | 100% |

Question 9: Was the County of Orange's negligence, including the negligence of Michael Higgins or any of its employees, a substantial factor in causing Connor Zion's death?

Yes \_\_\_\_\_ No \_\_X\_\_

2

Question 10: Was Michael Higgins's negligence a substantial factor in causing Connor Zion's death?

Yes \_\_\_\_\_ No __X__

Question 11: Was Michael Higgins's excessive force a substantial factor in causing Connor Zion's death?

Yes \_\_\_\_\_ No __X__

**First Federal Claim: Excessive Force (Fourth Amendment Claim) (damages phase)**

Question 1: What are Connor Zion's non-economic damages?

$360,000

Now, therefore, pursuant to Rules 54, 58, and 79 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that final judgment in this action be entered as follows:

1. Judgment on Plaintiff's Claim under the Fourth Amendment for Excessive Force by Michael Higgins is entered in favor of Plaintiff.
2. Plaintiff is awarded $360,000 in non-economic damages on her Fourth Amendment Claim.
3. Plaintiff may recover fees and costs to the extent provided by statute, rules of procedure, and law.

Dated: February 6, 2019

_____
United States District Judge

3