WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN - State Bar No. 82950
dspradlin@wss-law.com
JEANNE L. TOLLISON - State Bar No. 238970
jtollison@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787

Attorneys for Defendants COUNTY OF ORANGE and MICHAEL HIGGINS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ORANGE, MICHAEL HIGGINS and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: SACV 14-01134 JVS (JDEx)<br><br>BEFORE THE HONORABLE JAMES V. SELNA<br><br>**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT L. KAUFMAN**<br><br>HEARING DATES PENDING:<br>Type: Motion for Attorney Fees<br>Date: May 20, 2019<br>Time: 1:30 p.m. |

Defendants COUNTY OF ORANGE and MICHAEL HIGGINS submit the following supplemental opposition to Plaintiff's motion for attorney's fees and nontaxable costs, specifically in opposition to Plaintiff's "Second Supplemental Declaration of Dan Stormer in Support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs." (Dkt. 350)

///

///

1

1406710.1

1     Defendants submit the following points and authorities and attached declaration of Robert L. Kaufman.

DATED: April 29, 2019     WOODRUFF, SPRADLIN & SMART, APC

By: */s/ Jeanne L. Tollison*_____
    DANIEL K. SPRADLIN
    JEANNE L. TOLLISON
    Attorneys for Defendants COUNTY OF ORANGE and MICHAEL HIGGINS

1406710.1

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION .................................................................................................5
2. DEFENDANTS' EXPERT KAUFMAN IS EXCEPTIONALLY WELL-QUALIFIED TO OPINE ON THE REASONABLNESS OF ATTORNEY'S FEES AND COSTS IN THIS MATTER...............................5
3. THE REQUESTED SUPPLEMENTAL ATTORNEY'S FEES ARE UNREASONABLE..................................................................................6
4. THE REQUESTED SUPPLEMENTAL COSTS SHOULD BE DENIED....7
   A. Word Processing and Scanning is Overhead, No Detail is Provided, and is Not Recoverable.........................................................8
   B. The Request for the Costs of Various Office Supplies Should not be Recovered ...............................................................................8
   C. Photocopying Costs Should be Denied for Lack of Detail ...................9
   D. Parking and Mileage and In-House Messenger Charges Appear to Be Duplicative and Are Lacking in Sufficient Documentation............9
   E. All Non-Statutory Costs Should be Reduced to Reflect the Limited Success of Plaintiff..............................................................10
5. CONCLUSION ...................................................................................................10

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1406710.1

3

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Bryant v. City of Chicago*, 200 F.3d 1092 (7th Cir. 2000) ........................................... 10

*Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243 (10th Cir. 1998) ........................... 10

*Cummings v. Connell*, 316 F.3d 886  (9th Cir. 2003) .................................................. 10

*Davis v. City and County of San Francisco*, 976 F.2d 1536 (9th Cir.1992) ................. 7

*Fischer v. SJB P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000) ................................................ 7

*Guckenberger v. Boston Univ.*, 8 F.Supp.2d 91 (D. Mass 1998) ................................... 8

*Harvey v. Mohammed*, 951 F.Supp.2d 47 (D.D.C. 2013) .............................................. 9

*Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d 981 (N.D.  Cal. 2005) ... 8

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*,
   21 F.Supp.2d 1255 (D.Kan.1998) ............................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff seeks an additional $100,802.93 of fees and costs, consisting of $96,905.50 in attorney's fees and $3,897.43 in costs incurred since the filing of Plaintiff's reply brief on her motion for attorney's fees on March 11, 2019. (Dkt. 350 ¶ 2, 1:8-13) Plaintiff's counsel testifies that this "figure includes $84,443.50 in fees incurred since March 11, and $12,462 in additional fees Plaintiff expects to reasonably incur after the filing of this declaration to prepare for and appear at the Court's hearing on the instant motion." (*Id.*)

Plaintiff seeks an exorbitant amount of attorney's fees and costs which are not justified by the two post-trial motions that have been litigated since March 11th, as set out in detail in the attached supplemental declaration of Defendants' expert, Robert L. Kaufman. In addition, Plaintiff seeks recovery of costs which are overhead and/or which are not supported by sufficient detail. For these reasons, Defendants request a substantial reduction in the amount of attorney's fees and costs sought in Plaintiff's "Second Supplemental Declaration of Dan Stormer in Support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs." (Dkt. 350)

## 2. DEFENDANTS' EXPERT KAUFMAN IS EXCEPTIONALLY WELL-QUALIFIED TO OPINE ON THE REASONABLNESS OF ATTORNEY'S FEES AND COSTS IN THIS MATTER

Plaintiff argues that Defendants' expert, Robert Kaufman, is not qualified to offer his opinion on reasonable attorney's fees in both her reply brief and in a separately filed motion to strike Mr. Kaufman's declaration. (Dkt. 312 and 312-2) This argument is meritless.

Mr. Kaufman is certified by the National Association of Legal Fee Analysis as an expert in the auditing and determination of reasonableness of attorney fees sought in legal disputes. (Dkt. 307, 28:14-17) *In contrast, none of the attorneys who submitted support for Plaintiff's motion are similarly qualified.* (*Id.*) In 2018, Mr.

1406710.1

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

Kaufman was named as one of the "Nation's Top Attorney Fee Experts" by the National Association of Legal Fee Analysis. (Dkt. 307-1, p. 1)

Mr. Kaufman has served as both a consultant and expert witness regarding review of the reasonableness and propriety of attorney fee billings and requests on behalf of both plaintiffs and defendants in civil rights cases. (Dkt. 307, 29:4-6) Mr. Kaufman's further very extensive qualifications are set out in detail in his Declaration at Dkt. 307, 28:18-29:27 and his CV at Dkt. 307-1, and will not be repeated here.

Plaintiff also complains that Mr. Kaufman erred in determining that Plaintiff's lead counsel, Dan Stormer, is a 36-year attorney, rather than a 45-year attorney. However, Mr. Kaufman appropriately counted years of practice from Mr. Stormer's year of admission to the California bar, rather than Mr. Stormer's graduation from law school. (Kaufman Supp. Decl., ¶ 3, FN 1, attached hereto) Further, this is a distinction without any practical effect, as Mr. Kaufman credited Mr. Stormer with the highest level of years of service in his analysis of billing rates.

## 3. THE REQUESTED SUPPLEMENTAL ATTORNEY'S FEES ARE UNREASONABLE

Plaintiff seeks recovery for approximately $100,000 of attorneys' fees incurred in 42 calendar days to oppose two motions. (Kaufman Supp. Decl., ¶ 4) For the reasons set forth in detail in Mr. Kaufman's supplemental declaration attached hereto, the amount of time billed, the billing rates, the manner of billing, and in some instances the work billed, are unreasonable and reductions are required. (Kaufman Supp. Decl., ¶¶ 3-12)

Defendants request a total reduction of 58.1 hours, from the 142.3 hours requested by Plaintiff, resulting in a reduced total of 84.2 hours. (Kaufman Supp. Decl., ¶ 9) In addition, as in their opposition to Plaintiff's motion and based on the same analysis, Defendants request a reduction in the hourly rates requested by Plaintiff to the rates per hour of $500 for Mr. Stormer, $490 for Mr. Piovia-Scott, $450 for Ms. Panuco, and $325 for Mr. Olney. (Kaufman Supp. Decl., ¶ 3; See also

1406710.1

Kaufman Decl. at Dkt. 307) These reductions results in supplemental attorney's fees in the amount of $30,848.00. (Kaufman Supp. Decl., ¶ 10) Further, and as in their opposition, Defendants request a "negative" or "fractional" multiplier in the amount of a 75% reduction in the attorneys' fees to be awarded. (Kaufman Supp. Decl., ¶ 11; See also Kaufman Decl. at Dkt. 307) Thus, in sum, Defendants request that the Court reduce the amount of $30,848.00 by 75% or in the amount of $23,136.00, to a net recoverable amount of $7,712.00 supplemental attorney's fees. (*Id.*)

### 4. THE REQUESTED SUPPLEMENTAL COSTS SHOULD BE DENIED

Plaintiff seeks recovery of non-taxable costs for: litigation files ($60.00), photocopying ($1,489.80), scanning ($34.05), index tabs ($49.20), supplies ($6.00), telephone ($5.00), word processing ($1,422.00), Lexis/Pacer Research ($16.96), courier ($31.78), in-house messenger ($455.00), reproduction of documents ($147.58), mileage and parking ($255.76), and requests that a credit be provided to Defendants of $95.70 for witness fees returned to Plaintiff, for a total cost award of $3,897.43. Defendants request that none of the costs requested by Plaintiff by awarded.

Costs are not recoverable if they are properly considered a part of the overhead of a firm, not normally billed to a private client, and are not reasonable. (*Davis v. City and County of San Francisco*, 976 F.2d at 1546 n. 4 & 1557 (9th Cir.1992); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 21 F.Supp.2d 1255, 1262 (D.Kan.1998), rev'd on other grounds, 205 F.3d 1219 (10th Cir.2000)) The fee applicant bears the burden of submitting evidence supporting the fee award. (*Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); (*Davis v. City and County of San Francisco*, 976 F.2d at 1557 (Ninth Circuit remanded to the district court to determine if compensation for expenses such as a filing cabinet and pizza are expenses that would ordinarily be treated as reimbursable in a private attorney-client relationship) As in their original request for non-taxable costs, Plaintiff's requests for recovery of supplemental non-taxable costs are improper.

1406710.1

### A. Word Processing and Scanning is Overhead, No Detail is Provided, and is Not Recoverable

"[W]ord processing is not recoverable, as it is an overhead expense that counsel must bear." (*Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d 981 (N.D. Cal. 2005); *Guckenberger v. Boston Univ.*, 8 F.Supp.2d 91, 111 (D. Mass 1998). Plaintiff's counsel, Dan Stormer, does not list word processing as one of the costs he believes is charged to privately paying clients. (Dkt. 305-1, Stormer decl., ¶51, p. 19) Similarly, scanning documents, presumably to maintain an electronic record of the client's file, is an overhead expense. No attempt is made by Plaintiff to provide evidence that this charge is billed to a paying client.

Defendants object to the entire amount of Plaintiff's requests for word processing ($1,422.00) and scanning ($34.05) because they are overhead and not normally charged to a fee-paying client. Defendants further object on the grounds that Plaintiff has not provided any detail to determine what was "wordprocessed" for the amount requested. Rather, Plaintiff's invoice states: "Monthly wordprocessing-printing/downloading documents/emailing/efiling—[initials]" and a dollar amount. It is impossible to determine from these line items what actual work was performed.

Similarly, Plaintiff's billing for scanning consists of: "Monthly In-house Scanning" and a dollar amount. Again, it is impossible to determine what work was performed in relation to this matter.

### B. The Request for the Costs of Various Office Supplies Should not be Recovered

Plaintiff has requested separate items for what files and tabs, in addition to an unspecified category of "supplies" as follows: monthly supplies ($6.00), litigation files ($60.00), Index tabs ($49.20). These office supplies are completely unsupported by a log or receipts of any kind. There is no way to determine what was purchased for use in this litigation. Moreover, Plaintiff's counsel, Dan Stormer, does not list these items as one of the costs he believes is charged to privately paying clients. (Dkt. 305-

8

1, Stormer decl., ¶ 51, p. 19)

Defendants object to these costs on the grounds that they are overhead, which Plaintiff apparently concedes with her lack of declaration by counsel that these items are billed to private clients. Defendants further object on the grounds of complete lack of substantiation of what was purchased and for what purpose. Defendants request that these costs be denied in their entirety.

### C. Photocopying Costs Should be Denied for Lack of Detail

Plaintiff requests $1,489.80 in photocopying costs but does not provide a contemporaneous record or any detail. (Dkt. 350, ¶ 15) There is only one entry: "$Photocopying Monthly Photocopying-Xerox copier 1,489.80". (*Id.*) It is impossible to determine what was copied, for what purpose the copies were made, the number of copies that were made, or the per page cost for the copies for this item (although Plaintiff's counsel avers that the billing rate of $0.30 per page is used for the category "reproduction of documents.") (Dkt. 350, ¶ 15, FN 2) Defendants object to this item on the basis that insufficient detail is provided and requests that it be denied in its entirety or reduced 50% due to lack of detail. (*Harvey*, 951 F.Supp.2d 47 (non-statutory costs reduced by half due to lack of detail as to purpose of each entry).

### D. Parking and Mileage and In-House Messenger Charges Appear to Be Duplicative and Are Lacking in Sufficient Documentation

Plaintiff requests a lump mileage/parking reimbursement of $255.76 28, which is alleged by Mr. Stormer to include $71.60 in costs of services which were not included in Plaintiff's cost bill. Plaintiff's line item invoice states: "Mileage/Parking-D. Hannah $255.76." (Dkt. 350, Ex. B, p. 3)

There are four handwritten log entries for travel on 2/21, 3/12, 3/19 and 3/20 (Dkt. 350, Ex. C, pp. 1-2) which match the dates for the line items for Messenger Fees (Dkt. 350, Ex. B, pp. 2-3). Plaintiff requests a lump sum cost of $455.00 for Messenger fees. Thus, Plaintiff is requesting both the mileage/parking for D. Hannah (presumably the messenger) and messenger fees for the same trips. It appears that D.

9

1406710.1

Hannah is an employee of Plaintiff's law firm, as he may be the "in-house messenger" category for costs. Plaintiff's attempt to both bill for a messenger service as if this were a contracted service, and bill for reimbursement of an employee's mileage and parking is overreaching. It is also unsupported by any averment that such a double billing arrangement is made with a private paying client, rather than a portion of this service being overhead.

Plaintiff's documentation is also lacking in that there is no reference in the invoice for service of process, or documentation of the service being performed, as would be required in a cost bill. Further, no parking receipts are provided, "D. Hannah" is not identified, and no invoices from a messenger service are provided. For these reasons, Defendants request that these costs be denied.

### E. All Non-Statutory Costs Should be Reduced to Reflect the Limited Success of Plaintiff

It is permissible for the court to reduce non-statutory costs to reflect the limited success of the Plaintiff in this litigation:

"[T]he district court may reduce costs to reflect limited success on the merits, see e.g., *Bryant v. City of Chicago*, 200 F.3d 1092, 1102 (7th Cir. 2000), cert. denied, 531 U.S. 821, 121 S.Ct. 64, 148 L.Ed.2d 30 (2000); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1258 (10th Cir. 1998)," but it is not required to do so…." *Cummings v. Connell*, 316 F.3d 886, 898 (9th Cir. 2003), emphasis in original.

In this matter, given the very limited success, and the excessive amount of costs and non-statutory costs claimed, Defendants request that an overall reduction in the amount of 75% be taken. (Dkt. 307, Kaufman decl., ¶34, 51:24-25.)

### 5. CONCLUSION

Defendants request a substantial reduction in the amount of attorney's fees and costs requested by Plaintiff. Defendants' request is based upon the limited result achieved by Plaintiff in this litigation, and upon a thorough assessment of reasonable billing rates and hours to conduct necessary work as performed by Defendants' expert,

10

1406710.1

Mr. Kaufman.

In sum, Defendants request that the total of the attorney's fees to be awarded Plaintiff should be $180,222.75 in fees from the original request, and $7,712.00 in supplemental fees under this supplemental request, for a total of $187,935.44. (Kaufman Supp. Decl., ¶ 12)

Defendants request that all of Plaintiff's original non-taxable costs and supplemental non-taxable costs be denied for the categories that are overhead and for which inadequate detail is provided.

DATED:  April 29, 2019               WOODRUFF, SPRADLIN & SMART, APC

By: */s/ Jeanne L. Tollison*_____
       DANIEL K. SPRADLIN
       JEANNE L. TOLLISON
       Attorneys for Defendants COUNTY OF ORANGE and MICHAEL HIGGINS

1406710.1

# SUPPLEMENTAL DECLARATION OF ROBERT L. KAUFMAN

I, Robert L. Kaufman, do declare and say as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the state of California, the United States District Courts for the Central and Southern Districts in California, the Ninth Circuit of the United States Court of Appeals, the United States Tax Court, and the United States Supreme Court. I am a Senior Trial Counsel in the law firm of Woodruff, Spradlin & Smart, a law firm of about 45 attorneys primarily representing public entities in various litigation and transactional matters all over Southern California, including civil rights and other types of cases in which the prevailing party may seek attorneys' fees. I have reviewed the motions for attorneys' fees and related declarations (and exhibits thereto) filed by Plaintiff in this action, as well as the opposition thereto, in this matter. In addition, I have reviewed relevant pleadings and motions, as well as the orders of the court and the judgment of the jury. I also have performed my own research regarding the attorneys seeking fees in this matter, as specifically set forth below. Based upon this information, as well as my background, training, and experience, I am competent to and do testify to the following factual portions of this declaration on personal knowledge and render the opinions in this Declaration. This declaration is made under penalty of perjury insofar as it makes factual assertions or states my expert opinions.

2. This Supplemental Declaration references and incorporates my original Declaration in this case by reference as though set forth in full at this place.

### *Attorney Fee Rates*

3. Additional fees are requested by Mr. Stormer[1], Ms. Panuco, and Mr.

---

[1] One apparent, albeit minor, discrepancy between Mr. Stormer's and my original declaration should be explained. He touts himself as a practicing attorney since 1974. Actually, he graduated law school in 1974, but did not practice in California until 7½ years later, according to the California State Bar. Therefore, I have considered him to be a practicing California attorney since he became a member of the State Bar in December 1981.

1406710.1

Olney. In addition, fees are also requested for a new attorney who did not work on the case until after the trial, Joshua Piovia-Scott. I have "plugged in" Mr. Piovia-Scott to the five benchmarks explained in my original Declaration. The resulting chart of fee rates I recommend regarding the supplementally requested fees after that analysis are as follows:

| Attorney (years of experience as of 2018) | Benchmark 1 | Benchmark 2 | Benchmark 3 | Benchmark 4 | Benchmark 5 | Average | Recommended Rate |
|---|---|---|---|---|---|---|---|
| Mr. Stormer (36) | $574.95 | $327.02 | $544.34 | $617.22 | $457.96 | **$504.30** | **$500.00** |
| Mr. Piovia-Scott (15) | $574.95 | $327.02 | $477.73 | $617.22 | $457.96 | **$490.98** | **$490.00** |
| Ms. Panuco (8½) | $422.04 | $310.71 | $382.92 | $617.22 | $457.96 | **$438.17** | **$450.00** |
| Mr. Olney (3+) | $317.90 | $225.06 | $312.43 | ----- | $404.08 | **$314.87** | **$325.00** |

### *The Number of Hours for which Fees Are Supplementally Requested*

4.    In reviewing the supplemental fee request, one must, of course, apply several rules of reasonableness of such fees, as was done in the original Declaration. But the overarching rule must never be forgotten. Like the proverbial forest and trees, the basic rule of common sense reasonableness must not be subsumed by emotional pleas to be made whole in one's fees and costs. The law simply does not guarantee that one will or should be reimbursed for whatever he or she seeks to claim. It only allows for reasonable compensation. In that regard, plaintiff claims to have expended $100,802.93 just since March 11, 2019, 42 calendar days, on which Plaintiff's attorneys billed all this on only 23 actual days, at an average requested billable rate of $589.09/hour. That is over 7.1 hours a day for six weeks (March 12-April 22, 2019) by five attorneys, three paralegals, and a law clerk to oppose just two motions. That is simply unreasonable, even after Plaintiff reduces her request a tad in an apparent attempt to account for their otherwise gross overstaffing.

1406710.1

5. I have reviewed each line of each bill submitted, and find three areas of required reduction of hours. I will start with the largest reduction and proceed to the smallest.

6. The generally recognized "rule of thumb" in the industry for time required to draft briefs is one hour per page of substantive writing. This does not count preparation or appearance time for the hearing, if there is one. In this case, there were two post-trial motions from the defense, one each pursuant to Rules 50 and 59. Plaintiff's oppositions to them consisted of Points and Authorities totaling 45 pages.[2] Therefore, one would expect drafting time, including research and intra-office conferencing, to be around 45 hours. Instead, Mr. Stormer billed 6.6 hours, Mr. Piovia-Scott billed 6.2 hours, Ms. Panuco billed 10.7 hours, and Mr. Olney (the primary scrivener) billed 58.7 hours. That totals an unreasonable total of 82.2 hours for drafting 45 pages of opposition, or 1.8+ hours per page, nearly twice the recognized reasonable amount. I believe it is reasonable to allow 50 hours, total. That should be divided completely between the primary scrivener (Olney) and the lead trial counsel on the case (Stormer). Therefore, I would **recommend deductions of 6.2 hours of Piovia-Scott's time, 10.7 of Panuco's, none of Stormer's, and 15.3 hours of Olney's.**

7. Mr. Olney billed 15.5 hours for preparing for a hearing for which Mr. Stormer had already prepared. Moreover, all 15.5 of those hours were spent after Olney already knew the tentative ruling was completely against defendants and, therefore, the weight of the effort at the hearing would be on them. Indeed, it was Mr. Stormer, as would also be expected, who did virtually all of whatever argument Plaintiff had to make at the hearing. There does not seem to be any reason whatsoever

---

[2] In this total, I have not included time which was spent drafting the third "supplemental" brief ordered by the Court, simply because I do not recommend that the time spent on drafting that brief to be outside the reasonable range of time to have been spent. Therefore, I would not deduct anything from that time.

1406710.1

for this degree of preparation, especially by one who has tentatively won and who will be largely superfluous at the hearing, given Mr. Stormer's presence. In addition, Mr. Olney charged 3.7 hours for traveling to and appearing at the hearing at which Plaintiff's counsel said little, and Olney virtually nothing. The defense had but one counsel present. Two by a side was unnecessary. **I suggest allowing Mr. Olney a total of 5.0 hours for preparing for, traveling to, and appearing at the motion hearings, representing a reduction of 14.2 hours.**

8.   Finally, of the total of 15.6 hours billed by Mr. Piovia-Scott, 9.4 of them, or over 60% of them, were billed in one impermissible block entry of seven different activities on March 18. Moreover, most of these activities are unbecoming and improper to be performed by a 15 year+ attorney touted to have the experience and ability of Mr. Piovia-Scott.[3] Of these seven block-billed tasks, three were described as "filing," "assist with filing," and, again a second time, "filing." These are clerical tasks to be absorbed by one's business' overhead. Two other tasks were described in ways which left the reader puzzled as to just what that meant: "documents" and "trial info." Whatever that means, it is insufficient to satisfy the mandatory criterion that bills must reasonably inform the client what he/she is paying for. None of these five tasks should be compensated at all. Since Mr. Piovia-Scott has billed in a way that makes it impossible to tell how much time was spent on any one of the seven tasks, I will divide the time equally by seven, allotting 1.2 hours to each of the seven tasks. Then, I recommend deducting 5/7th, or 6.0 hours from the billing entry for the five improperly billed tasks. That leaves 2.4 hours in the block billed entry, which should be reduced by 20% (0.5 more hours) as block billing, for the reasons set forth in my original Declaration in this case. **This makes a total reduction of 6.5 hours from Mr. Piovia-Scott's entry.**

9.   This makes a total reduction of 58.1 hours from 142.3 hours requested to

---

[3]   No one is questioning that ability or experience. The point is that it emphasizes why he was not the proper bier for these tasks. Clerical or paralegal staff was.

a new, reduced total of 84.2, which is much more reasonable. The following chart sets forth how the hours left should be allocated:

| Billing Attorney | Hours Originally Billed | Reduced Number of Hours | Net Reasonable Hours to Be Compensated |
|---|---|---|---|
| **Stormer** | 17.4 | 0 | 17.4 |
| **Piovia-Scott** | 15.6 | 12.9 | 2.7 |
| **Panuco** | 11.0 | 10.7 | 0.3 |
| **Olney** | 98.3 | 34.5 | 63.8 |
| **Total** | 142.3 | 58.1 | 84.2 |

*Total Fees to Be Awarded under this New Supplemental Request*

10. The chart below shows the total fees that I recommend be awarded under this supplemental request. These are in addition to my prior recommendation as to the original motion and the fees sought therein.

| Billing Attorney | Reasonable Hours to Award | Reasonable Fee Rate/ Hour | Total Fees to Award |
|---|---|---|---|
| **Dan Stormer** | 17.4 | $500.00 | $8,700.00 |
| **Joshua Piovia-Scott** | 2.7 | $490.00 | $1,323.00 |
| **Cindy Panuco** | 0.3 | $450.00 | $90.00 |
| **Brian Olney** | 63.8 | $325.00 | $20,735.00 |
| **Total** | 84.2 | ----- | **$30,848.00** |

11. Finally, as set forth in my original Declaration, a 'negative" or "fractional" multiplier should be applied in the amount of a 75% reduction in the attorneys' fees to be awarded. In this **supplemental request for fees, that means a reduction of $23,136.00 to a net recoverable amount of $7,712.00**.

12. Therefore, in my opinion, the total fees to be awarded Plaintiff, both on the original and this supplemental request, should be $180,222.75 in fees from the

16

1406710.1

original request, and $7,712.00 in supplemental fees under this supplemental request, for a total of **$187,935.44**

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of April, 2019 in Rancho Mission Viejo, California.

*/s/ Robert L. Kaufman*_____
ROBERT L. KAUFMAN

1406710.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On April 29, 2019, I served the foregoing document(s) described as: **OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT L. KAUFMAN**

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 29, 2019 at Costa Mesa, California.

                                          */s/ Diane Castillo*
                                          Diane Castillo

1406710.1

**KIMBERLY ZION v. COUNTY OF ORANGE, et al.**
**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CASE #: 8:14-cv-01134-JVS-RNB**
**ASSIGNED TO JUDGE JAMES V. SELNA**
**REFERRED TO MAGISTRATE JUDGE JOHN D. EARLY**
**SERVICE LIST**

| | |
|---|---|
| Dan Stormer, Esq.<br>Brian Olney, Esq.<br>HADSELL STORMER & RENICK LLP<br>128 North Fair Oaks Ave.<br>Pasadena, CA 91103<br>Telephone: (626) 585-9600<br>Facsimile: (626) 577-7079<br>Email: dstormer@hadsellstormer.com<br>        bolnev@hadsellstormer.com | Attorneys for Plaintiff<br>**KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION** |

3/18/19

1406710.1