WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN - State Bar No. 82950
dspradlin@wss-law.com
JEANNE L. TOLLISON - State Bar No. 238970
jtollison@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone:  (714) 558-7000
Facsimile:   (714) 835-7787

Attorneys for Defendants COUNTY OF ORANGE and MICHAEL HIGGINS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ORANGE, MICHAEL HIGGINS and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: SACV 14-01134 JVS (JDEx)<br><br>BEFORE THE HONORABLE JAMES V. SELNA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR EVIDENTIARY OBJECTIONS TO DECLARATION OF ROBERT L. KAUFMAN**<br><br>HEARING DATES PENDING:<br>Type: Motion for Attorney Fees<br>Date: May 20, 2019<br>Time: 1:30 p.m. |

Defendants COUNTY OF ORANGE and MICHAEL HIGGINS submit the following opposition to Plaintiff's "motion to strike and evidentiary objections to the evidence submitted by [Defendants] … in support of their Opposition to Plaintiff's Motion for Attorney's Fees", or in other words, Plaintiff's motion to strike the

///
///
///
///
///

1407158.1

1

1  Declaration of Robert L. Kaufman in its entirety, or in part, by way of 39
2  "evidentiary" objections.
3  DATED: April 29, 2019                WOODRUFF, SPRADLIN & SMART, APC
4
5
6           By:/s/ Jeanne L. Tollison_____
                DANIEL K. SPRADLIN
7               JEANNE L. TOLLISON
8               Attorneys for Defendants COUNTY OF
                ORANGE and MICHAEL HIGGINS
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 1. INTRODUCTION

Plaintiff seeks to have stricken in whole, or in part, by way of 39 separate evidentiary objections, the Declaration of Defendants' expert Robert L. Kaufman, filed in support of Defendants' opposition to Plaintiff's motion for attorneys' fees and costs.

Plaintiff's motion to strike/evidentiary objections should be denied in its entirety for the following reasons:

1. Mr. Kaufman is extremely well-qualified to present an expert opinion on attorney's fees and costs.

2. Plaintiff's objections regarding foundation are not well taken. Mr. Kaufman has declared sufficient foundational facts in his declaration, including but not limited to review of relevant pleadings and independent research on the attorneys for whom Plaintiff seeks fees.

3. Plaintiff's motion to strike consists of legal argument on the merits of her motion for attorney's fees which should have been submitted in Plaintiff's reply papers, not in a motion to strike.

4. Plaintiff's motion to strike consists of Plaintiff's disagreement with certain facts which form the basis for Mr. Kaufman's opinion. Disagreement with these facts goes to the weight of Mr. Kaufman's expert opinion, it is not a basis for evidentiary objection.

5. Plaintiff's motion to strike consists mainly of Plaintiff's disagreement with Mr. Kaufman's expert opinions. The proper procedure for presenting these arguments to the Court are either in argument in Plaintiff's reply brief and/or by Plaintiff's own experts' declarations. Plaintiff's disagreements with Defendants' expert's opinion is not a proper basis for a motion to strike the declaration or parts of it.

///

///

1407158.1

## 2. DEFENDANTS' EXPERT ROBERT L. KAUFMAN IS EXTREMELY WELL-QUALIFIED AND HIS DECLARATION IS WELL-SUPPORTED

Plaintiff argues that Defendants' expert, Robert L. Kaufman, is not qualified to offer his opinion on reasonable attorney's fees because he is employed by Defense counsel's firm and has an inherent conflict of interest. Plaintiff cites no authority for this conclusion. Indeed, Federal Rule of Evidence Rule 702 contains no such prohibition.

Plaintiff also argues that Mr. Kaufman lacks relevant experience. This argument is meritless. Mr. Kaufman is certified by the National Association of Legal Fee Analysis as an expert in the auditing and determination of reasonableness of attorney fees sought in legal disputes. (Dkt. 307, Kaufman Decl., ¶ 5, 28:14-17) In contrast, none of the attorneys who submitted support for Plaintiff's motion are similarly qualified. (*Id.*) In 2018, Mr. Kaufman was named as one of the "Nation's Top Attorney Fee Experts" by the National Association of Legal Fee Analysis. (Dkt. 307-1, Kaufman CV)

Mr. Kaufman has served as both a consultant and expert witness regarding review of the reasonableness and propriety of attorney fee billings and requests on behalf of both plaintiffs and defendants in civil rights cases. (Dkt. 307, Kaufman Decl. 29:4-6)

Mr. Kaufman's further very extensive qualifications are set out in detail in his Declaration at Dkt. 307, 28:18-29:27 and his CV at Dkt. 307-1, and will not be repeated here.

Plaintiff also argues that Mr. Kaufman misstates the record, demonstrating a lack of familiarity with the matter. This argument is likewise baseless. Rather than misstatements, in actuality, Plaintiff merely does not agree with the manner in which Mr. Kaufman describes the facts and record. For example, Plaintiff complains that Mr. Kaufman erred in determining that Plaintiff's lead counsel, Dan Stormer, is a 36-year attorney, rather than a 45-year attorney. However, Mr. Kaufman appropriately counted

years of practice from Mr. Stormer's year of admission to the California bar to the year the Stormer firm became involved in this litigation, rather than Mr. Stormer's graduation from law school to the present day. (Kaufman Supp. Decl., ¶ 3, FN 1, filed concurrently with Defendants' opposition to supplemental attorney's fees and costs) Further, this difference has no practical effect, as Mr. Kaufman credited Mr. Stormer with the highest level of years of practice category in his analysis of billing rates. Such differences do not demonstrate Mr. Kaufman's unfamiliarity, rather, they demonstrate Plaintiff's questionable calculation of years of practice.[1]

Plaintiff further attempts to strike Mr. Kaufman's declaration on the grounds that Mr. Kaufman relied on surveys in his opinion and did not provide sufficient detail for the court to be able to assess his opinions. Again, this argument is baseless. Mr. Kaufman testifies in great detail as to his critique of the criteria used by Plaintiff's expert witnesses and the basis upon which he formed his opinions throughout his declaration. (See Dkt. 307, ¶¶ 7-35)

## 3. DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS

**Objection No. 1:**

Foundation established at Dkt. 307, ¶¶ 1-6. Relevance established at Dkt. 307, ¶¶ 8-9.

**Objection No. 2:**

Foundation established at Dkt. 307, ¶¶ 1-6. Relevance established at Dkt. 307, ¶¶ 12, 34. Not an improper opinion or legal conclusion, merely a recitation of facts based on the Court's orders.

**Objection No. 3:**

Foundation established at Dkt. 307, ¶¶ 1-6. Not an improper opinion or legal conclusion, merely a recitation of facts based on the Court's orders.

---

[1] Plaintiff also counts years of practice of the other Plaintiffs' attorneys from year of graduation from law school, rather than admission to the California bar, and ends the time period at the present time, rather than the earlier date of when the Stormer firm began its representation of Plaintiff.

1407158.1

5

**Objection No. 4:**

Qualifications of experts to render opinions are always relevant.

**Objections Nos. 5-17, 19-20, 26-39:**

Plaintiff's disagreement with Mr. Kaufman's expert opinion is not a proper basis for objections based on relevance, improper expert opinion, or legal conclusion. Plaintiff's arguments about case holdings with regard to the substance of the motion are not proper objections. Foundation established at Dkt. 307, ¶¶ 1-6.

**Objection No. 18:**

Foundation established at Dkt. 307, ¶¶ 1-6. Plaintiff's arguments about case holdings with regard to the substance of the motion are not proper objections.

**Objection Nos. 21-24:**

Foundation established at Dkt. 307, ¶¶ 1-6. Plaintiff's argument to count years of practice of law from law school graduation instead of admission to the bar, and through the end of the litigation, rather than when the Stormer firm entered the case, are not a basis for objection to Defendants' differing method of counting.

**4. CONCLUSION**

For the reasons set forth above, Plaintiff's motion to strike Robert L. Kaufman's declaration, or in the alternative 39 evidentiary objections to the declaration, should be denied in its entirety.

DATED: April 29, 2019                WOODRUFF, SPRADLIN & SMART, APC


By:*/s/ Jeanne L. Tollison*_____
   DANIEL K. SPRADLIN
   JEANNE L. TOLLISON
   Attorneys for Defendants COUNTY OF ORANGE and MICHAEL HIGGINS

1407158.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On April 29, 2019, I served the foregoing document(s) described as: **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR EVIDENTIARY OBJECTIONS TO DECLARATION OF ROBERT L. KAUFMAN**

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 29, 2019 at Costa Mesa, California.

*/s/ Diane Castillo*
Diane Castillo

1407158.1

7

**KIMBERLY ZION v. COUNTY OF ORANGE, et al.**
**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CASE #: 8:14-cv-01134-JVS-RNB**
**ASSIGNED TO JUDGE JAMES V. SELNA**
**REFERRED TO MAGISTRATE JUDGE JOHN D. EARLY**
**SERVICE LIST**

| | |
|---|---|
| Dan Stormer, Esq.<br>Brian Olney, Esq.<br>HADSELL STORMER & RENICK LLP<br>128 North Fair Oaks Ave.<br>Pasadena, CA 91103<br>Telephone: (626) 585-9600<br>Facsimile: (626) 577-7079<br>Email: dstormer@hadsellstormer.com<br>         bolnev@hadsellstormer.com | Attorneys for Plaintiff<br>**KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION** |

3/18/19

1407158.1